UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZERO MOTORCYCLES, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br>  vs.<br><br>PIRELLI & C.S.P.A., an Italian società per azoni and PIRELLI TYRE S.P.A., an Italian società per azoni,<br><br>   Defendants. | Case No:  C 10-01290 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO OVERRULE DEFENDANTS' CONFIDENTIALITY DESIGNATION AND GRANTING ALTERNATIVE REQUEST TO FILE DOCUMENTS UNDER SEAL**<br><br>Docket 42, 45 |

  Plaintiff Zero Motorcycles, Inc., filed the instant declaratory relief action against Defendants Pirelli & C.S.P.A. and Pirelli Tyre S.P.A. (collectively "Defendants") seeking a declaration that its use of the mark "Zero Motorcyles" and Zero-formative marks does not infringe Defendants' trademarks.  Although no protective order has been entered by the Court, Defendants agreed to produce certain confidential documents to Plaintiff, provided that it maintained the confidentiality of such documents as "outside counsel only."  McCauley Decl. ¶ 3, Dkt. 52.  Such documents ostensibly are germane to Plaintiff's opposition to Defendants' motion to dismiss for lack of personal jurisdiction.

  On February 2, 2011, Plaintiff filed an administrative motion for an order "which either overrules Defendants['] … confidentiality designation or, pursuant to Civ. L.R. 7-11 and 79-5, permits Plaintiff to file [specified documents] under seal….," Pl.'s Adm. Mot. at 1, Dkt. 42.

Plaintiff describes the documents at issue as:

> Ex. 1 -- 2007 Pirelli "MIRS" Trademark License Agreement with Pirelli Tire LLC (563-576).
>
> Ex. 2 -- 2006 Model Release Form for Sophia Loren's appearance in Los Angeles for "The Calendar" (577-578).
>
> Ex. 3 -- 2006 Agreement between Pirelli and photographers relating to shooting of Pirelli's "The Calendar" in California (599-602).
>
> Ex. 4 -- 2006 Agreement between Pirelli and Telecom Italia regarding partnership for sponsorship of University of Berkeley laboratory (623-634).
>
> Ex. 5 -- 2006 Agreement between Pirelli and production company in Beverly Hills regarding promotional "Pirelli Film" (583-598).
>
> Ex. 6 -- 2007 Trademark License Agreement between Pirelli and Mattel, Inc. re use of Pirelli marks on die-cast cars (610-618).
>
> Ex. 7 -- 2006 Confidentiality Agreements with Emeryville company and Cupertino company (636-644).
>
> Ex. 8 -- Trademark Co-Existence Agreements with two California companies (648-660).

Pl.'s Adm. Mot. at 2:6-23. Plaintiff also states that Section I.B.1 of its opposition to Defendants' motion to dismiss, Dkt. 36, should be sealed, as it discusses information contained in the confidential documents. Id. at 2:24-26. Defendants agree that these documents should be filed under seal, but contend that Plaintiff's challenge to their confidentiality designations is procedurally improper. Dkt. 51.

The Court agrees that Plaintiff's request to overrule Defendants' confidentiality designation is not properly before the Court. The Court's Standing Orders, which are attached to the Case Management Scheduling Order For Reassigned Civil Cases, filed July 2, 2010, Dkt. 17, explicitly states that: "**All parties are required to meet and confer before filing any motion with this court, and to certify that they have complied with this requirement.**" Yet, Plaintiff never met and conferred with Defendants regarding the proposed removal of their confidentiality designation *prior to* filing the instant motion. See McCauley Decl. ¶ 2. On that basis alone, Plaintiff's motion is improper.

     Moreover, an administrative motion under Local Rule 7-11 is not the proper vehicle for challenging a confidentiality designation.  By its express terms, Local Rule 7-11 applies to matters "not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge," such as "motions to exceed applicable page limitations or to file documents under seal, for example."  Civ. L.R. 7-11.  It thus is axiomatic that a motion challenging the confidentiality designation of documents disclosed in the course of discovery should have been filed as a noticed discovery motion in accordance with the provisions of Civil Local Rule 7-2, as opposed to an administrative motion under Local Rule 7-11.  Since Plaintiff's challenge to Defendants' confidentiality designation is not properly before the Court, the Court declines to consider such request at this juncture.  See Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules).  However, as the parties are in agreement that the documents at issue have been designated as confidential, the Court grants Plaintiff's alternative request to file said documents under seal.  Accordingly,

     IT IS HEREBY ORDERED THAT:

     1.    Plaintiff's administrative motion for an order overruling Defendants' confidentiality designation is DENIED without prejudice to refiling said motion in accordance with Civil Local Rule 7-2, after first meeting and conferring with Defendants.

     2.    Plaintiff's alternative motion for leave to file the aforementioned documents under seal is GRANTED.  Plaintiff shall comply with General Order No. 62, which governs the electronic filing of documents under seal.

     3.    This Order terminates Docket 42 and 45.

     IT IS SO ORDERED.

Dated: March 17, 2011

                                                       SAUNDRA BROWN ARMSTRONG
                                                        United States District Judge