1
2
3
4
5                    UNITED STATES DISTRICT COURT
6              FOR THE NORTHERN DISTRICT OF CALIFORNIA
7                            OAKLAND DIVISION
8

9  ZERO MOTORCYCLES, INC., a Delaware     | Case No: C 10-01290 SBA
   corporation,
10                                         | **ORDER DENYING PLAINTIFF'S
               Plaintiff,                  | MOTION FOR RELIEF FROM
11                                         | JUDGMENT**
           vs.
12                                         | Docket 69
   PIRELLI TYRE S.P.A. and PIRELLI & C.
13 S.PA.,

14             Defendants.

15

16     Plaintiff Zero Motorcycles, Inc., filed the instant declaratory relief action against

17 Defendants Pirelli & C.S.p.A. and Pirelli Tyre S.p.A. (collectively "Defendants") seeking a

18 declaration that its use of the ZERO mark and ZERO-formative marks does not infringe

19 Defendants' ZERO and ZERO-formative registered trademarks. On July 18, 2011, the

20 Court granted Defendants' motion to dismiss for lack of personal jurisdiction. Dkt. 64.

21 Plaintiff filed a Notice of Appeal from the Court's ruling on August 17, 2011.

22     The parties are presently before the Court on Plaintiff's Motion for Relief from

23 Judgment Pursuant to Federal Rule of Civil Procedure 60(b). Dkt. 69. Having read and

24 considered the papers filed in connection with this matter and being fully informed, the

25 Court hereby DENIES Plaintiff's motion. The Court, in its discretion, finds this matter

26 suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ.

27 L.R. 7-1(b).

28

## I. BACKGROUND

Plaintiff is a manufacturer of electric motorcycles, which it markets and sells in unspecified foreign countries under the ZERO MOTORCYCLES mark. Beginning in or about 2009, Defendants allegedly began a "global campaign" to prevent Plaintiff from using the ZERO mark. On March 26, 2010, Plaintiff filed suit in this Court against Defendants seeking declaratory and injunctive relief in response to their alleged conduct.

On July 18, 2011, the Court granted Defendants' motion to dismiss for lack of personal jurisdiction. Dkt. 64. The Court found that "Defendants' contacts with this forum are too tenuous to support a finding of general jurisdiction," id. at 14, and that their "conduct fails to satisfy the express aiming requirement" to support specific jurisdiction over Defendants, id. at 18, 20. The Court further found that Plaintiff's alleged "injuries did not arise from any forum-related conduct" and that, under the circumstances, "haling [the foreign] Defendants into a California court is neither reasonable nor fair." Id. at 21. On August 17, 2011, Plaintiff filed a Notice of Appeal from the Court's ruling. The appeal remains pending.

Almost six months after the entry of judgment by this Court and almost five months after filing a Notice of Appeal, Plaintiff filed a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b). The motion is "based upon new, material facts consisting of [Defendants'] additional threats to Plaintiff's use of its mark in Scotts Valley, CA, effectively demanding that Plaintiff cease and desist all use, and rebrand its company and sole motorcycle product line." Pl.'s Mot. at 1. Defendants oppose the motion on the ground that Plaintiff's appeal has divested the Court of jurisdiction to consider the motion, and that Plaintiff has not otherwise satisfied the requirements of Rule 60(b) to warrant reconsideration. The motion has been fully briefed and is ripe for adjudication.

## II. DISCUSSION

It is well settled that the "filing of a notice of appeal divests the district court of jurisdiction." Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir. 1986). When a Rule 60(b) motion is filed in district court after a notice of appeal has been filed, the district

court lacks jurisdiction to entertain the motion. Katzir Floor & Home Designs, Inc. v. M–MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case." Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004) (internal quotation marks omitted); Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir. 1992) ("Carriger should have filed a motion asking the district court to indicate its willingness to entertain his Rule 60(b) motion."). Where an appellant does not follow this procedure, a district court's order on a Rule 60(b) motion is void for lack of jurisdiction. See Katzir Floor, 394 F.3d at 1148 (vacating district court's order denying a post-notice of appeal Rule 60(b) motion where procedure not followed); Williams, 384 F.3d at 586 (same).

Here, Plaintiff filed its Rule 60(b) motion for reconsideration after filing a notice of appeal, and has not followed the Ninth Circuit's procedure for re-vesting this Court with jurisdiction. In an apparent attempt to rectify its error, Plaintiff requests for the first time in its reply brief that the Court indicate whether it will consider its motion for reconsideration; if the Court expresses is willingness to do so, Plaintiff indicates that it will file a motion in the Ninth Circuit seeking a remand of the action. Reply at 3. Plaintiff has it backwards. Plaintiff should have submitted its request to this Court and obtained a remand from the Ninth Circuit *before* filing the instant motion for reconsideration—not after. At this juncture, there is no order from the Ninth Circuit remanding the case to allow the Court to consider Plaintiff's Rule 60(b) motion. Accordingly, the Court lacks jurisdiction to consider Plaintiff's motion. See Katzir Floor, 394 F.3d at 1148; Williams, 384 F.3d at 586; Carriger, 971 F.2d at 332.[1]

---

[1] Even if Plaintiff had followed the Ninth Circuit's procedure for re-vesting this Court with jurisdiction, the Court would not agree to consider the motion in any event. The statements made by Defendants which form the basis of Plaintiff's motion were made months after the judgment was entered, and as such, are not newly-discovered under Rule 60(b)(2). See Fantasyland Video, Inc. v. County of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007) ("The declaration is not 'newly discovered evidence' under Rule 60(b)(2) because it discusses evidence that was not in existence at the time of the judgment.") (citing Corex Corp. v. United States, 638 F.2d 119, 121 (9th Cir. 1981)).

III. **CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) is DENIED. This Order terminates Docket 69.

IT IS SO ORDERED.

Dated: May 1, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge